**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MIGUEL DE JESUS RIVAS RIVAS,     \*

     Plaintiff,     \*

     v.     \*     Civil Action No. 8:21-cv-00892-PX

PREMIER HOME SERVICES, INC., *et al.*,     \*

     Defendants.     \*

     \*\*\*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Miguel de Jesus Rivas Rivas ("Rivas") and Defendants Premier Home Services, Inc. (d/b/a Premier Floors, Inc.), Marcela Borda-Plata, and Rene Plata (collectively "Defendants") jointly move for approval of a settlement agreement.  ECF Nos. 43 & 45.  Rivas filed this action on April 2, 2020 (ECF No. 1), and amended the Complaint on August 30, 2021 (ECF No. 28), alleging that Defendants failed to pay straight-time and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.*; District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.*; and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*  For the following reasons, the Court grants the motion and approves the settlement as a fair and reasonable resolution of the claims.

    **I.**     **Background**

The following facts are taken from the Amended Complaint.  From May 2018 until December 24, 2019, Rivas was employed by Defendants as a laborer.  ECF No. 28 ¶ 4.  On average, Rivas worked between five and six days a week and at least 11 hours each day.  *Id.* ¶ 9.  Defendants never paid overtime and deducted at least one hour of work time each day from the

total number of hours worked.  *Id.* ¶ 11.  As a result, Rivas sued Defendants for minimum wage and overtime violations.  ECF No. 1.

From February 14, 2022, through March 10, 2022, the parties engaged in settlement negotiations facilitated by United States Magistrate Judge Timothy Sullivan and ultimately reached resolution.  *See* ECF Nos. 42 & 43.  The settlement terms include $39,000.00 to Rivas in unpaid wages and liquidated damages and $65,000.00 in attorneys' fees and costs.  *See* ECF No. 43-1.  On March 21, 2022, the parties filed a joint motion for approval of settlement.  ECF No. 43.  On April 5, 2022, the Court ordered the parties to supplement the record as to their request for attorneys' fees, which the parties have submitted.  *See* ECF Nos. 44, 45, 45-1, 45-2, 45-3, 45-4.

## II.    Analysis

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness).  Judicial review of settlement terms is designed "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d. 404, 407 (D. Md. 2014).  Accordingly, this Court reviews settlement terms to ensure that they represent "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.  To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and

reasonableness of the settlement, and the reasonableness of the attorney's fees.  *Duprey*, 30 F. Supp. 3d. at 408.  "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'"  *Id.* (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement.  *See Lomascolo v. Parsons Brinkernoff, Inc.*, No. 08-1310 (AJT/JFA), 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009).  Here, the parties agree that *bona fide* disputes exist regarding the extent of Rivas' overtime and unpaid wages.  Entitlement to overtime wages as a covered employee is a fact-specific inquiry often at the heart of FLSA litigation.  *See, e.g.*, *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006).  Although Defendants now concede their maximum possible exposure, they initially contested liability.  Accordingly, this factor is satisfied.

As to whether the settlement is fair and reasonable, the Court considers six factors: (1) the extent of discovery undertaken; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation, (3) the absence of fraud or collusion in the settlement; (4) the experience of plaintiff's counsel; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits, and the amount of settlement contrasted with the potential recovery.  *Acevedo v. Phoenix Pres. Grp., Inc.*, No. PJM 13-3726, 2015 WL 6004150, at *5 (D. Md. Oct. 8, 2015); *see also Lamascolo*, 2009 WL 3094955, at *10. Regarding the first two factors, the parties exchanged informal discovery and participated in extensive settlement discussions.  *See* ECF No. 43 at 5.  Thus, the parties had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to

engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case." *Lomascolo*, 2009 WL 3094955, at *11. Thus these factors support the fairness and reasonableness of the settlement.

On the remaining factors, all counsel in favor of granting the motion. The record reveals no risk of fraud or collusion in reaching settlement. Likewise, the settlement terms are maximally fair to Rivas. He could not have done much better at trial, as he has been awarded the maximum potential recovery of $39,000.00 in unpaid and liquidated damages. Relatedly, even though Rivas has agreed to release all potential claims, even beyond those pleaded in the Complaint, he has been compensated reasonably for the release executed. *Duprey*, 30 F. Supp. 3d. at 410. Last, he has been represented by able counsel, experienced in wage and hour matters. Considering all the above, the Court finds that the proposed settlement is fair and reasonable.

Finally, the Court considers the reasonableness of the attorneys' fees and costs for Rivas' counsel as provided in the settlement agreement. The FLSA requires that a "reasonable attorney's fee" must be "paid by the defendant," along with the "costs of the action." 29 U.S.C. § 216(b). Accordingly, the negotiated attorney fee also must be reviewed for reasonableness. *See Kianpour v. Restaurant Zone, Inc.*, No. DKC-11-0802, 2011 WL 5375082, at *3–5 (D. Md. Nov. 4, 2011) ("[I]t would make little sense to require the amount of the fees awarded to be reasonable where the plaintiffs prevail on the merits, but to abandon that requirement altogether where the parties agree to settle the case."); *see also Amrhein v. Regency Mgmt. Serv., LLC*, 2013 WL 1809608, at *1 (D. Md. May 6, 2014); *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *6–7; *Grissom v. The Mills Corp.*, 549 F.3d 313, 322–23 (4th. Cir. 2008).

Rivas's counsel performed 216.6 hours of work on this case, for which they could have billed $103,921.74 in legal fees. *See* ECF No. 45-1 at 1. As part of the settlement, the parties

agreed to a discounted award of $65,000.00 that had been negotiated separately from the settlement amount earmarked for Rivas.  Equally important, because of the attorneys' efforts, Defendants agreed to pay Rivas the full wages and liquidated damages contemplated in the Complaint.  *See* ECF No. 43 at 6–7.  Given this, the requested attorneys' fees are fair and reasonable under the circumstances.  *See Cerrato v. All. Material Handling, Inc.*, No. WDQ-13-2774, 2014 WL 7190687, at *5 (D. Md. Dec. 16, 2014).

### III.   Conclusion

For the reasons stated above, the joint motion for approval of settlement agreement is GRANTED.  A separate Order follows.

June 17, 2022 _____          _____/s/_____
Date                                                  Paula Xinis
                                                        United States District Judge